

FILED

Dec 08 2023, 11:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 23S-PL-358

## Thomas DeCola,
*Appellant,*

–v–

## Norfolk Southern Corporation,
*Appellee.*

Decided: December 8, 2023

Appeal from the LaPorte Circuit Court
No. 46C01-2111-PL-2250

The Honorable Thomas Alevizos, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 23A-PL-610

**Opinion by Justice Slaughter**

Chief Justice Rush and Justices Massa, Goff, and Molter concur.

**Slaughter, Justice.**

Appellate jurisdiction here is premised on the trial court's entry of a final judgment. But the court's entry—the denial of plaintiff's summary-judgment motion—was not final because (among other reasons) it did not resolve all claims as to all parties. Thus, there was no final judgment. We grant transfer, dismiss the appeal for lack of jurisdiction, and remand.

I

Through a subsidiary, defendant, Norfolk Southern Corporation, owned property in LaPorte County, Indiana. In 2019, Norfolk fell delinquent on its property taxes. Plaintiff, Thomas DeCola, bought the property at a tax sale two years later. Afterward, the county auditor issued DeCola a property-tax deed.

Deed in hand, DeCola brought this suit against Norfolk to quiet title. He sought judgment on the pleadings, which Norfolk opposed, arguing it never received proper notice of anything—the county's decision to tax the property, the tax sale, the petition for tax deed, or its right of redemption. Norfolk attached several exhibits to its opposition. DeCola's reply, which also included exhibits, argued the trial court lacked jurisdiction to determine whether the tax deed was void for lack of notice. Norfolk's sur-reply asked the court to enter judgment for Norfolk on all DeCola's claims. Because the trial court considered evidence outside the pleadings, it converted DeCola's 12(C) motion to one for summary judgment. See Ind. Trial Rule 12(C).

In a detailed order, the trial court rejected DeCola's jurisdictional objection and found the tax deed was void because Norfolk did not receive sufficient notice of the tax sale, the right of redemption, or the petition for tax deed. The court ordered that DeCola's "Motion for Judgment on the Pleadings (converted to Summary Judgment) is DENIED." DeCola filed a motion to reconsider. And Norfolk filed its own motion for final judgment, asking the court to award it summary judgment on all claims. The trial court did not rule on either motion and, by operation of law, the motion to reconsider was deemed denied. T.R. 53.4(B).

DeCola appealed the denial of summary judgment. His notice of appeal said he was appealing "from a final order as defined by Ind. App. R. 2(H)." Reaching the merits, the court of appeals affirmed in a non-precedential decision. *DeCola v. Norfolk S. Corp.*, No. 23A-PL-610, at *8 (Ind. Ct. App. July 14, 2023) (mem.). The panel described the trial court's order as one denying DeCola's motion for summary judgment and "concluding that genuine issues of material fact exist as to whether [Norfolk] received the statutorily required notices." *Ibid.*

DeCola then sought transfer, which we now grant, thus vacating the appellate decision, Ind. Appellate Rule 58(A).

## II

An appellate court will typically hear an appeal only after a trial court has entered a final judgment. *Means v. State*, 201 N.E.3d 1158, 1163 (Ind. 2023). The final-judgment rule's rationale is to enhance judicial economy by avoiding duplicative appeals. *Ibid.* The rule has exceptions, but no exception applies here. DeCola premised his appeal on entry of a final judgment below, and the court of appeals proceeded accordingly. Yet, on this record, the trial court's order satisfies none of the five definitions of a "final judgment"—set out in Rule 2(H) of our appellate rules:

- The order did not "dispose[] of all claims as to all parties". App. R. 2(H)(1). To the contrary, the order disposed of nothing. DeCola's quiet-title claim remains, as does Norfolk's lack-of-notice argument.

- The order made no express determination or direction in writing under Trial Rules 54(B) or 56(C) that judgment should be entered as to fewer than all issues, claims, or parties. *Id*. at 2(H)(2).

- The order was not deemed final under Trial Rule 60(C). *Id*. at 2(H)(3).

- The order was not a ruling on a motion to correct error under Trial Rule 59. *Id*. at 2(H)(4).

- And the order was not otherwise deemed final by law. *Id*. at 2(H)(5).

No party raised the issue of appellate jurisdiction below, and neither did the court of appeals. But whether an order is immediately appealable is a jurisdictional question that cannot be waived and can be raised at any time, including by a reviewing court on its own motion. *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003). We raise the jurisdictional issue here to remind ourselves and our judicial colleagues of the importance of ensuring that courts exercise judicial power only where our jurisdiction is secure. Imposing and enforcing limits on judicial power are important not only in their own right, but in sending the vital message that we police ourselves just as vigilantly as we do other government actors.

\*　　　\*　　　\*

For these reasons, we dismiss the appeal for lack of jurisdiction and remand to the trial court for further proceedings consistent with our opinion.

Rush, C.J., and Massa, Goff, and Molter, JJ., concur.

APPELLANT PRO SE
Thomas DeCola
North Judson, Indiana

ATTORNEYS FOR APPELLEE NORFOLK SOUTHERN CORPORATION
Barry L. Loftus
Scotty N. Teal
Matthew M. Humble
Stuart & Branigin LLP
Lafayette, Indiana